UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JUTOVSKY,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT JOSEPH CAMPBELL, et al.,<br><br>                    Defendants. | Case No. 25-cv-03038-AMO<br><br>**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 42 |

Before the Court is Defendant Schneider National Carrier, Inc.'s motion for partial judgment on the pleadings. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 16, 2026, is VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court GRANTS the motion, for the following reasons.

## BACKGROUND[1]

On or about October 24, 2021, Defendant Robert Joseph Campbell was driving a semi-truck which overturned onto Plaintiff David Jutovsky's vehicle in windy conditions during a severe storm. Complaint, Dkt. No. 1-3 ("Compl.") at 8. Jutovsky suffered injuries because of the accident. *Id.* at 9. At the time of the accident, Campbell was employed by Schneider as a driver. *Id.* at 6, 8. In its operative answer, Schneider admits that Campbell was operating the semi-truck within the scope of his employment and that Schneider is vicariously liable for Campbell's

---

[1] These facts are drawn from the allegations in Jutovsky's complaint, which the Court accepts as true and construes in the light most favorable to Jutovsky. *See Finley v. Cap. One*, No. 16-CV-01392-YGR, 2017 WL 1365207, at *2 (N.D. Cal. Apr. 14, 2017).

United States District Court
Northern District of California

negligence, if any.  Dkt. No. 17 ¶¶ 17, 25, 30.

On October 18, 2023, Jutovsky sued Campbell and Schneider in state court.  Dkt. No. 1-3. Jutovsky used the Judicial Counsel of California's form complaint to assert two causes of action: (1) "motor vehicle" and (2) general negligence.  *See* Compl.  Schneider removed the action to federal court based on diversity jurisdiction.  Dkt. No. 1 at 1-2.  On April 18, 2025, Campbell and Schneider filed answers to the complaint.  Dkt. Nos. 16, 17.  On January 30, 2026, Schneider filed a motion for partial judgment on the pleadings.  Dkt. No. 42.  On February 13, 2026, Jutovsky filed an opposition, Dkt. No. 43, and Schneider's reply followed on February 20, 2026, Dkt. No. 45.

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper when there is no material dispute of fact, and the moving party is entitled to judgment as a matter of law. *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).  This standard is "substantially identical" to the standard for determining a motion to dismiss under Rule 12(b)(6).  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  "[U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.' " *Id.* (citation omitted).  Accordingly, a court must accept as true all well-pleaded factual allegations but need not accept as true conclusory factual allegations or conclusions of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted).  "[A] court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile."  *Finley v. Capital One*, No. 16-CV-01392-YGR, 2017 WL 1365207, at *2 (N.D. Cal. Apr. 14, 2017) (citation and internal quotation marks omitted).

**DISCUSSION**

Schneider moves for partial judgment on the pleadings, seeking to eliminate Jutovsky's claims to the extent they allege Schneider is directly liable for negligence.  *See* Dkt. No. 42 at 5. Schneider argues that because it admitted vicarious liability for Campbell's alleged negligence,

2

United States District Court
Northern District of California

Schneider cannot be held directly liable. *Id.* (citing *Diaz v. Carcamo*, 51 Cal. 4th 1148 (2011)). Indeed, in *Diaz*, the California Supreme Court held that, where an employer admits vicarious liability for an employee's actions, it cannot be held directly liable for negligent entrustment, hiring, or retention. 51 Cal. 4th at 1160 ("If, as here, an employer offers to admit vicarious liability for its employee's negligent driving, then claims against the employer based on theories of negligent entrustment, hiring, or retention become superfluous."). It reasoned, "[t]o allow such claims in that situation would subject the employer to a share of fault *in addition to* the share of fault assigned to the employee, for which the employer has already accepted liability. To assign to the employer a share of fault greater than that assigned to the employee whose negligent driving was a cause of the accident would be an inequitable apportionment of loss." *Id.* (emphasis in original). Jutovsky does not contest that, to the extent its claims are based on Schneider's negligent entrustment, hiring, or retention of Campbell, they should be dismissed. *See* Dkt. No. 48 at 10. Thus, the Court DISMISSES Jutovsky's claims to the extent they rely on Schneider's negligent entrustment, hiring, or retention of Campbell without leave to amend.

However, the *Diaz* court recognized that employers may be held directly and vicariously liable in some instances. 51 Cal. 4th at 1157, n. 1 ("We can conceive of instances in which the employer may be liable for negligence independent of its employee, for example, when the employer provides the driver with a defective vehicle."). *Diaz* distinguished between direct liability claims that can survive even if an employee was not negligent and those which rely wholly on an employee's negligence. *Id.* (reasoning that "[n]o matter how negligent an employer was in entrusting a vehicle to an employee, [] it is only if the employee then drove negligently that the employer can be liable for negligent entrustment, hiring, or retention."). Jutovsky contends that it can maintain direct liability claims against Schneider based on "Schneider's truck maintenance, routing decisions, weather monitoring failures, inadequate training and supervision of its drivers, and corporate policies—conduct distinct from Campbell's negligence and untouched by *Diaz*'s holding." Dkt. No. 43 at 11-12. Jutovsky is right. In *Myers v. City & Cnty. of San Francisco*, the court found that direct liability claims against an employee for failure to train, supervise, and discipline "independently contributed to the harm suffered by [p]laintiffs" and thus

3

fell outside the scope of *Diaz*. No. C 08-1163 MEJ, 2012 WL 4111912, at *9 (N.D. Cal. Sept. 18, 2012). Schneider cites no authority that persuades the Court that these claims are within the scope of *Diaz*. Thus, the Court cannot conclude at this juncture that Jutovsky's direct liability claims based on "Schneider's truck maintenance, routing decisions, weather monitoring failures, inadequate training and supervision of its drivers, and corporate policies" fail as a matter of law. Dkt. No. 43 at 11-12.

Nonetheless, Jutovsky has failed to include any factual allegations to support a finding that Schneider was directly liable for any of these reasons. *See generally* Compl. Instead, Jutovsky pleads conclusory allegations that the Court need not except as true. *See id.* at 8 ("Defendants, and each of them, so wantonly, willfully, recklessly, negligently and carelessly drove, owned, operated, entrusted and/or maintained the SEMI-TRUCK so as to cause it to fall on the SEDAN."); *Iqbal*, 556 U.S. at 678 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."). Accordingly, the Court DISMISSES Jutvosky's remaining direct liability claims against Schneider because Jutovsky fails to plead sufficient facts to establish a claim for relief that is plausible on its face.

Jutovsky requests leave to amend his complaint to establish Schneider's independent negligence. Dkt. No. 43 at 13-14. Jutovsky contends that, through discovery, he uncovered additional facts which support Schneider's direct liability. *Id.* Because Jutovsky claims that he can amend his complaint to include newly-discovered facts, the Court cannot find that amendment would be futile. *See Finley*, 2017 WL 1365207, at *2. Thus, the Court allows Jutovsky leave to amend to the extent he can plead facts supporting Schneider's direct liability which, independent from Campbell's negligence, contributed to Jutovsky's harm. *See id.*

## CONCLUSION

For the foregoing reasons, the Court GRANTS Schneider's motion for partial judgment on the pleadings. To the extent Jutovsky's claims against Schneider rely on Schneider's negligent entrustment, hiring, and retention, they are dismissed with prejudice. Otherwise, Jutovsky's direct liability claims against Schneider are dismissed without prejudice. Jutovsky may file an amended

complaint within 28 days.  Jutovsky may not add new claims or parties absent consent from Defendants or leave of Court.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**